In the Matter of ALAN IRA GREENE, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 22, 1980

### APPEARANCES OF COUNSEL

*Donald E. Humphrey (Richard E. Grayson* of counsel), for petitioner.

*Levy, Gutman, Goldman & Kaplan (Jeremiah S. Gutman* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The respondent was admitted to practice by the Appellate Division, First Judicial Department, on June 20, 1960. In this proceeding to discipline him for professional misconduct, the petitioner and the respondent move to confirm the report of the Referee to whom the issues were referred for hearing and report.

The respondent was charged with professional miscon-

duct in that during the months of August and October of 1978, he prepared and caused to be mailed approximately 1,000 direct-mail flyers to real estate brokers in Westchester and Putnam Counties. These flyers "directly solicited the real estate brokers to refer individuals to the respondent to use the respondent's legal services in connection with the sale or purchase of real property." It was alleged that the respondent thereby violated section 479 of the Judiciary Law and the Code of Professional Responsibility.

The respondent admitted the activities which are the basis for the charges herein but stated that in mailing the flyers he did so in reliance on the decision of the United States Supreme Court in *Bates v State Bar of Ariz.* (433 US 350).

While the Referee found that the respondent did engage in the activities alleged, he pointed out that the flyers were mailed by the respondent in 1978, more than a year before this court's decision in *Matter of Koffler* (70 AD2d 252), which prohibited this type of activity. It should also be noted that the Referee's report was prepared prior to the Court of Appeals reversal of *Koffler* on October 21, 1980 (51 NY2d 140).

The Court of Appeals stated (pp 144-145) : "We do not, however, pass upon direct mail solicitation of clients through materials addressed to third persons, preferring to leave determination of that question, distinguishable as it is in a number of ways from direct client solicitation by letter,[2] for a matter in which a more complete record has been made and there has been more extensive consideration by the Appellate Division, in which is vested primary jurisdiction in matters of discipline."

The court explained in the footnote (p 145) : "2. For example, third person mailings will, if their ends are to be achieved, almost always involve in-person solicitation by the intermediary, and are, therefore, much closer to speech of the type *Ohralik v Ohio State Bar Assn.* (436 US 447) has held can be proscribed (cf. *Matter of State Bar Grievance Administrator v Jacques,* 407 Mich 26, 51 [COLEMAN, Ch. J., dissenting])."

Therefore, *Matter of Koffler* (51 NY2d 140, *supra)* is

not dispositive of the instant situation where we are dealing with direct-mail solicitation of clients through materials addressed to third persons. Third-person mailings of the type engaged in by the respondent require the real estate broker to make in-person solicitation of potential clients of the respondent. We believe this to be clearly proscribed by section 479 of the Judiciary Law and not constitutionally protected.

After reviewing all of the evidence, we are in full agreement with the findings contained in the report of the Referee. Accordingly, the petitioner's and the respondent's motions to confirm said report are granted. Although we find the respondent guilty we are mindful of his reliance on *Bates v State Bar of Ariz.* (433 US 350, *supra)* and we therefore impose no measure of discipline.

. MOLLEN, P. J., HOPKINS, LAZER, MANGANO and GIBBONS, JJ., concur.