(June 22, 1982)

■ In the Matter of DONALD A. ALESSI, JOHN P. BARTOLOMEI, HENRY PEDI-CONE, JR., and LINDA ZABLOTNY, Attorneys, Respondents. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondents Alessi, Bartolomei and Zablotny were admitted to the Bar by the Appellate Division, Fourth Judicial Department, on July 16, 1970, April 8, 1980 and September 12, 1977, respectively. Respondent Pedicone was admitted by the Appellate Division, Second Judicial Department, on October 13, 1976. The petition in this disciplinary proceeding charges that respondents, as partners or employees of a legal clinic with an office in Albany, in violation of section 479 of the Judiciary Law and DR 2-103(A) of the Code of Professional Responsibility, permitted or approved the mailing of approximately 1,000 letters to realtors in the Albany area during August and September, 1979 soliciting, through the realtors, real estate closings of prospective purchasers and sellers of real property. Respondents moved to dismiss the petition on the ground that the mailings were a valid exercise of their constitutional right to freedom of expression. Since *Matter of Greene* (78 AD2d 131), a similar case involving direct mail addressed to real estate brokers, was then on appeal to the Court of Appeals, we directed that the motion to dismiss be held pending determination of the appeal. On October 29, 1981 the Court of Appeals affirmed *Greene,* holding that section 479 of the Judiciary Law and DR 2-103(A) of the code, to the extent that they proscribe advertising of attorneys' services by direct mail addressed to real estate brokers, are constitutional (54

NY2d 118). We then denied the motion to dismiss and an answer was filed by respondents after the United States Supreme Court denied a petition for a writ of certiorari in *Greene* (— US —, 50 USLW 3766). Respondents now move to refer the issues raised by the pleadings to a Judge to hear and report. We determine that a reference is unnecessary and we find respondents guilty of misconduct in permitting or approving the mailing of letters to realtors as alleged in the petition. However, since the letters were apparently sent in good faith in reliance on *Bates v State Bar of Arizona* (433 US 350) and prior to the decision of the Second Department in *Greene,* we determine that no sanction should be imposed for such misconduct. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.